

JLW: USAO#2024R0053

USDC- BALTIMORE
'24 NOV 19 PH3:01

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** ABA 24cr336 |
| | * | |
| **v.** | * | **(Wire Fraud, 18 U.S.C. § 1343;** |
| | * | **Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21** |
| **JENNIFER TINKER,** | * | **U.S.C. § 853(p), 28 U.S.C. § 2461(c))** |
| | * | |
| **Defendant** | * | |
| | * | |

\*\*\*\*\*

### INFORMATION

### COUNT ONE
### (Wire Fraud)

The United States Attorney for the District of Maryland charges:

At all times material to this Information:

1. Defendant **JENNIFER TINKER** ("**TINKER**") was a resident of Maryland.

2. Real Estate Agency 1 was a real estate company located in Columbia, Maryland.

3. **TINKER** was a former employee of Real Estate Agency 1. She worked at Real Estate Agency 1 from approximately 2012 to November 2023. From approximately 2017 until leaving the company, **TINKER** served as Real Estate Agency 1's Market Center Administrator ("MCA"). As the MCA, **TINKER** was responsible for – among other things – accounts receivable, accounts payable, and paying commissions. **TINKER** had access and control over Real Estate Agency 1's bank accounts, including its escrow, operating, and commission accounts. She did not require any review or approvals from supervisors to make financial transactions on behalf of Real Estate Agency 1. Between 2020 and 2023, **TINKER** used her authority to embezzle over $1 million from Real Estate Agency 1 and accounts under its control.

4. On or about September 14, 2020, **TINKER** opened a bank account at a Maryland

1

branch of Truist Bank with an account number ending in 7491 (the "7491 Account"). **TINKER** was the only account holder and sole signatory on the 7491 Account. Truist Bank's servers were located outside of Maryland.

### The Scheme to Defraud

5.      Beginning on or about January 1, 2020 and continuing until in or about November 30, 2023, in the District of Maryland and elsewhere, the defendant,

**JENNIFER TINKER,**

did knowingly and willfully devise a scheme and artifice to defraud Real Estate Agency 1, to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and willfully transmit and cause to be transmitted by means of wire communications, in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343 ("the scheme to defraud").

### The Object of the Scheme to Defraud

6.      It was the object of the scheme to defraud for **TINKER** to personally enrich herself by fraudulently obtaining funds belonging to and under the control of Real Estate Agency 1.

### Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

7.      Using her authority as Real Estate Agency 1's MCA, **TINKER** sent and caused to be sent, by interstate wire communications beginning in Maryland, transfers of funds from Real Estate Agency 1's bank accounts to **TINKER's** personal bank accounts – including the 7491 Account. These wires were made under materially false and fraudulent pretenses, and had no legitimate business purpose.

8.    On the paperwork for the aforementioned wires, **TINKER** made materially false and fraudulent representations as to the recipients of Real Estate Agency 1's funds. Specifically, **TINKER** listed fictitious companies as the wire recipients and provided fictitious justifications for their purpose. In fact, **TINKER** wired these funds to her personal account.

9.    On or about November 13, 2023, **TINKER** executed a wire transfer of $14,250 from the Real Estate Agency 1 commission account to the 7491 Account at Truist Bank. In the relevant wire transfer paperwork, **TINKER** falsely listed "Main Homes" as the recipient of the funds. **TINKER**, in fact, was the true recipient. On or about November 13, 2023, in executing this wire transfer, the Defendant caused interstate wire communications from Maryland to Truist's servers – located outside of Maryland.

10.    Using her authority as Real Estate Agency 1's MCA, **TINKER** also transferred money from Real Estate Agency 1's accounts to **TINKER's** personal accounts – including the 7491 Account – through Zelle payments, ACH transfers, and checks. These payments had no legitimate business purpose.

11.    **TINKER** also made materially false and fraudulent edits and entries into Real Estate Agency 1's internal accounting records to conceal the existence of **TINKER's** transfers of Real Estate Agency 1's funds to her personal accounts.

12.    From in or about 2020 until in or about 2023, **TINKER** obtained more than $1 million from Real Estate Agency 1 through the scheme to defraud.

13.    **TINKER** used the fraudulently obtained funds from Real Estate Agency 1's accounts to purchase personal and luxury goods unrelated to her duties at Real Estate Agency 1.

## THE CHARGE

14.    On or about November 13, 2023, in the District of Maryland and elsewhere, the defendant,

### JENNIFER TINKER,

for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communication, certain signals, signs, and sounds, to wit:    **TINKER** caused a wire transfer of $14,250 from Real Estate Agency 1's commission account to **TINKER's** 7491 account at Truist Bank, resulting in an interstate wire communication from Maryland to a location outside of Maryland.

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1.　　Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as a part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

### Wire Fraud Forfeiture

2.　　Upon conviction of the offense alleged in Count One, the defendant,

### JENNIFER TINKER,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or is derived from proceeds obtained directly or indirectly, as the result of such offenses.

### Substitute Assets

1.　　If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

　　　　a.　　cannot be located upon the exercise of due diligence;

　　　　b.　　has been transferred or sold to, or deposited with, a third person;

　　　　c.　　has been placed beyond the jurisdiction of the Court;

　　　　d.　　has been substantially diminished in value; or

　　　　e.　　has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

5

18 U.S.C. § 981(a)(1)C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron
United States Attorney